# EXHIBIT A

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

**FRITZ, GROSSWALD & WALTERS, LLC**
Karlene Rawle-Walters (Attorney ID #:021791990)
350 Main Street
West Orange NJ 07052
Phone: (973) 744-2223
Fax: (973) 744-0719
*Attorneys for Plaintiff Lendra James*

| | |
|---|---|
| LENDRA JAMES, an individual<br><br>Plaintiff,<br><br>- against -<br>HACKENSACK MERIDIAN MOUNTAINSIDE MEDICAL CENTER, a New Jersey corporation; ARDENT HEALTH SERVICES, a Tennessee business/corporation; HEATHER PARICIO, an individual; DELL OLIVER, an individual; NICOLE WILLIAMS, an individual: VICKIE KNOX, an individual.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br><br>LAW DIVISION: ESSEX<br><br>DOCKET NO.<br><br><u>Civil Action</u><br><br>**VERIFIED COMPLAINT**<br>**JURY DEMAND** |

The Plaintiff, LENDRA JAMES ("Plaintiff James"), by and through the undersigned attorney, Fritz, Grosswald & Walters, LLC, by way of Complaint against the above-named Defendants, hereby alleges the following:

## THE PARTIES

1. PLAINTIFF LENDRA JAMES ("Plaintiff James"), is an individual residing at 142 Arbor Way, Stroudsburg, PA 18360 and was employed by Defendant Hackensack Meridian Mountainside Medical Center, located at 1 Bay Avenue, Montclair New Jersey, 07052.

2. DEFENDANT HACKENSACK MERIDIAN MOUNTAINSIDE MEDICAL CENTER is a business operating at 1 Bay Avenue, Montclair NJ, 07052, (Also referred herein to as "Hackensack Meridian")

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

3.  DEFENDANT HEATHER PARICIO ("Defendant Paricio") is the Vice President of Human Resources of Hackensack Meridian Mountainside Medical Center located at 1 Bay Avenue, Montclair NJ, 07052.

4.  DEFENDANT DELL OLIVER ("Defendant Oliver") is the Chief Nursing Officer of Hackensack Meridian Mountainside Medical Center located at 1 Bay Avenue, Montclair NJ, 07052.

5.  DEFENDANT NICOLE WILLIAMS ("Defendant Williams") is the Human Resources Business Partner, at Hackensack Meridian Mountainside Medical Center located at 1 Bay Avenue, Montclair NJ, 07052.

6.  DEFENDANT ARDENT HEALTH SERVICES ("Defendant Ardent") is the service or business that has eighty percent 80% ownership of Hackensack Meridian Mountainside Medical Center, under a Joint Venture Agreement. Ardent Health Services has corporate offices located at 1 Burton Hills Boulevard, # 250, Nashville, Tennessee 37215.

7.  DEFENDANT VICKIE KNOX ("Defendant Knox") is the Vice President of Clinical Outcomes for Defendant Ardent Health Services. Defendant Knox works for the corporate office of Ardent Health Services located at 1 Burton Hills Boulevard, # 250, Nashville, Tennessee 37215.

## GENERAL ALLEGATIONS

8.  Plaintiff James is a black, female who has worked for Hackensack Meridian Mountainside Medical Center from February 24, 2020 as the Director of Nursing for the 5th Floor.

9. Plaintiff James holds a master's degree in Healthcare Administration, with approximately ten (10) years of leadership experience. She supervises and oversees approximately 90 employees who care for thousands of patients a year, many of whom have life threatening medical conditions.

10. Plaintiff James handles the day-to-day operations of two nursing units. Her direct reports consist of registered nurses, nurse assistants, and unit secretaries who work on the fifth floor. Her daily responsibilities include completing payroll, schedules, performance evaluations, disciplines, educating, coaching, and mentoring and ensuring that her nursing units operate at optimal levels.

11. Plaintiff James has noted that the Defendant Hackensack Meridian, has lacked a supportive infrastructure. There is no support that includes the understanding of the required leadership style and accountability in an environment that has limited resources, structure, and competency. She has brought this deficiency to management's attention.

12. Plaintiff's ability to hold a team accountable is a critical attribute a leader should possess. However, Defendant Hackensack Meridian has not provided the resources needed by Plaintiff James and her team to ensure a supportive environment. There has been no support for the needs of the fifth floor. The staffing crisis has led to burn outs and resignations. The inability to be competitive with the current market has made it difficult to replace employees. Registered Nurses are working at 1:8 & 1:9 ratios while caring for patients suffering from COVID-19. Nurse assistants care for 1:16 patients.

13. Plaintiff James has raised these deficiencies and issues with her supervisor and chief nursing officer Defendant Dell Oliver on several occasions over the past year. Plaintiff has requested focus groups with Defendant Dell Oliver and with the Human Resources

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

Business Partner Defendant Nicole Williams in October of 2020, in attempts to proactively address the burn out and resignations. Unfortunately, the matters have not been addressed and the focus groups were never established.

14. Defendant Hackensack Meridian has failed to consider these recommendations made by Plaintiff James, therefore the staffing crisis, staff burn out and resignations have persisted.

15. Plaintiff James prepares performance reviews as a part of her job duties. She was pressured and harassed by Defendants Paricio, Oliver and Williams to fraudulently alter nurse's performance reviews so that the hospital could benefit financially from the CARES ACT. After completing performance evaluations, Plaintiff was told not to meet with any more employees until Defendant Williams had a chance to review each and everyone.

16. Defendants Oliver and Williams spent two days in Plaintiff James' office to coerce her into revising and improving evaluations on employees who were not performing at such a level. Defendant Dell said that there are extra funds available because of the CARES ACT so they wanted to evaluate staff at higher performance as there would be financial incentive in bonuses as well.

17. Employee performance evaluations that Plaintiff James's had completed, were changed. Plaintiff did not agree with the decision to revise her evaluations. Ms. James was retaliated against for her objections to changing performance reviews in that members of human resources pressured resigning nurses to blame their resignations on the Plaintiff. This resulted in an investigation into Plaintiff James for the high level of turnover in the hospital.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

18. Plaintiff James believes, as a healthcare worker, it is important for caregivers to be competent and evaluated effectively.

19. On March 22, 2021, Dell Oliver sent Plaintiff James an email which included a Plan of Action referencing that James did not ensure staff attendance to multidisciplinary rounds while she was on vacation. This had never been established as an expectation. Plaintiff James took time off from Mar 16, 2021 to March 19, 2021, and had a covering director while on vacation, who should have been expected to ensure staff attendance. The Plan of Action included items such as balancing schedules which had not been discussed prior. The issues raised in the Plan of Action were not concerns until James objected to revising performance evaluations. The Plan of Action was an attempt to harass and retaliate against Plaintiff James for objecting to the unethical, illegal revisions of performance evaluations.

20. On or around April 15, 2021, Defendant Paricio, instigated a disagreement between Plaintiff James and human resources via email, to harass, retaliate and cause emotional distress to Plaintiff James.

21. On information and belief, Defendant Hackensack Meridian is currently in immediate jeopardy by the Department of Health due to patient complaints of inefficient care that has been provided. Changing evaluations for financial gain is unethical as nursing is a serious profession and should be evaluated accurately. The demand by these Defendants to revise the evaluations is substantial as it yields a specific danger to public health. Plaintiff James is forced to believe that she would not have been subjected to Defendant's unethical demands had she been a male.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

22. There was a common theme from staff who resigned. During exit interviews, staff perception was that they were interviewed multiple times by human resources and senior leadership and understood that they wanted to hear that they were leaving because of Plaintiff James.

23. On information and belief Defendant Hackensack Meridian Mountainside Medical Center has been fined approximately two million dollars ($ 2,000,000.00) for hospital acquired medical conditions that patients have sustained.

24. On information and belief, during a meeting where that two-million-dollar ($ 2,000,000.00) fine was being discussed by Defendant Dell Oliver, Defendant Vicki Knox stated, "*If you guys don't do something about these fines, you're going to be picking cotton*". Defendant Dell Oliver and half of her leadership team are black, including Plaintiff James. The inpatient nurse directors are black. Ms. Knox's statement was highly discriminatory.

25. Defendant Hackensack Meridian Mountainside Medical Center and/or Ardent Health Services, engaged in negligent hiring/ retention by allowing Defendants Paricio, Oliver, Williams, and Knox to behave in such a manner.

26. Plaintiff James faced severe emotional distress as a result of this treatment.

27. Defendant Hackensack Meridian Mountainside Medical Center and /or Ardent Health Services is vicariously liable for the actions of Defendants Paricio, Oliver, Williams, and Knox through the doctrine of respondeat superior.

**COUNT 1**
**New Jersey Conscientious Employee Protection Act N.J.S.A. §§ 34:19-1 – 34:19-8**
**WHISTLE-BLOWING / RETALIATION /CONSTRUCTIVE DISCHARGE**

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

28. Plaintiff James repeats and realleges all the allegations above as if set forth at length herein.

29. In relevant part, the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 – 34:19-8 (hereinafter "NJ CEPA") prohibits all public and private employers from retaliating against employees who disclose, object to, or refuse to participate in certain actions that the employees reasonably believe are either illegal or in violation of public policy.

30. Defendant Paricio, Defendant Oliver and Defendant Williams, were engaged in conduct that was a violation of law or public policy by harassing Plaintiff James to revise nurse evaluations in order to take advantage of funding available under the CARES ACT.

31. Plaintiff James objected to participating in the forging of the evaluations and was retaliated against as a result.

32. Specifically, Plaintiff James faced adverse employment action when members of human resources pressured nurses to blame Plaintiff James for them leaving during their exit interviews. This resulted in an investigation into Plaintiff James for the high level of turnover in the hospital. Plaintiff James was forced to resign in large part because she was placed under clear instructions to revise and improve evaluations, on employees who were under performing, for the benefit of Defendant Hackensack Meridian, so that they could qualify for the CARES Act. This was an abuse of authority and a substantial danger to public health and a serious concern to have an incompetent employee with a competent evaluation treating patients. Plaintiff James could not condone that behavior.

33. There is a direct causal connection between Plaintiff James' objection to falsifying the nurse's evaluations for financial gain and the adverse employment action against her.

34. This conduct amounts to a violation of NJ CEPA.

35. Defendant Paricio, Defendant Oliver and Defendant Williams had the authority to control

Plaintiff James' working environment. These Defendants abused that authority and

violated NJ CEPA. Defendant Hackensack Meridian Mountainside Medical Center may

be held liable.

36. Plaintiff was constructively discharged when she was forced to resign because she could

not endure the unlawful, outrageous coercive or unconscionable acts demanded by the

Defendants which violated her employment rights.

37. As a direct and proximate result of this conduct, Plaintiff James has suffered economic,

consequential, and emotional damages.

WHEREFORE, Plaintiff James prays for judgment against Defendant Hackensack Meridian

Mountainside Medical Center and/or Ardent Health Services, Defendant Paricio, Defendant

Oliver, and Defendant Williams, for the following:

     A.     compensatory damages.

     B.     consequential damages.

     C.     back pay.

     D.     punitive damages.

     E.     reasonable attorney's fees and costs pursuant to N.J.S.A. 10:5-27.1.

     F.     pre- and post-judgment interest on all monetary awards; and

     G.     any other relief deemed just and equitable by the court.

**COUNT 2**
**NEGLIGENCE/ NEGLIGENT HIRING / NEGLIGENT RETENTION**

38. Plaintiff James repeats and realleges all of the allegations above as if set forth at length

herein.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

39. Defendant Hackensack Meridian Mountainside Medical Center and/or Ardent Health Services, employed Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox at the time that they committed the tortious acts and omissions alleged herein.

40. On information and belief, Defendant Hackensack Meridian Mountainside Medical Center and/or Ardent Health Services, knew or had reason to know, or could have determined with reasonable investigation, that Defendant Paricio, Defendant Oliver, Defendant Williams and Defendant Knox had dangerous character traits for committing the tortious acts and omissions alleged herein, and that Defendants Paricio, Oliver and Williams were involved in a conspiracy to commit fraud to take advantage of the CARES ACT, for financial gain and that Defendant Knox's directive and statement with racial undertones and intentions was discriminatory.

41. On information and belief, Defendant Hackensack Meridian Mountainside Medical Center and/or Ardent Health Services could reasonably have foreseen that these Defendant's dangerous character traits and unethical behavior created a risk of harm to other persons, such as Plaintiff James and the patients of the hospital.

42. On information and belief there have been complaints in the past and internal investigations of human resources, of Hackensack Meridian Mountainside Medical Center and /or Ardent Health Services as one or more Defendants have been accused of discrimination.

43. The injuries suffered by Plaintiff James were directly and proximately caused by Defendant Paricio's, Defendant Oliver's, Defendant Williams', and Defendant Knox's dangerous character traits. Defendant Hackensack Meridian Mountainside Medical Center and/or Ardent Health Service are responsible for negligent hiring and retention.

44. Defendant Hackensack Meridian and/or Defendant Ardent Health Services owed a duty to the employees such as Plaintiff James to protect her from this harm. Defendants Hackensack Meridian and Ardent Health Services breached that duty, and the actions of all defendants herein constitute negligence.

WHEREFORE, Plaintiff prays for judgment against Defendants Hackensack Meridian Mountainside Medical Center and/or Ardent Health Services for the following:

A.    compensatory damages.

B.    consequential damages.

C.    back pay.

D.    punitive damages.

E.    reasonable attorney's fees and costs to the extent permitted by law.

F.    pre- and post-judgment interest on all monetary awards; and

G.    any other relief deemed just and equitable by the court.

### COUNT 3
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff James repeats and realleges all of the allegations above as if set forth at length herein.

46. Defendant Hackensack Meridian, Defendant Paricio, Defendant Oliver and Defendant Williams engaged in extreme and outrageous conduct by subjecting Plaintiff James to pressure to commit fraud and for the various aforementioned retaliatory actions toward her, for objecting to the fraud.

47. Defendant Hackensack Meridian and/or Defendant Ardent Health Services and Defendant Knox's engaged in extreme and outrageous conduct as indicated by the racially discriminatory statement made.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

48. According to the facts herein, Defendants Paricio, Oliver and Williams also acted intentionally in a fashion intended to produce emotional distress.

49. Defendants acted recklessly in a deliberate disregard of a high degree of probability that emotional distress would follow from their conduct.

50. Defendants' extreme and outrageous conduct proximately caused Plaintiff James to suffer emotional distress so severe that no reasonable person could be expected to endure it.

51. Defendants' extreme and outrageous conduct was willful and wanton.

WHEREFORE, Plaintiff prays for judgment against Defendant Hackensack Meridian Mountainside Memorial Center, Defendant Ardent Health Services, Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox for the following:

   A.    compensatory damages.

   B.    consequential damages.

   C.    back pay.

   D.    punitive damages.

   E.    reasonable attorney's fees and costs to the extent permitted by law.

   F.    pre- and post-judgment interest on all monetary awards; and

### COUNT 4
### GENDER/SEX/ RACE DISCRIMINATION /HOSTILE WORK ENVIRONMENT IN VIOLATION OF LAW AGAINST DISCRIMINATION/CONSTRUCTIVE DISCHARGE AND RETALIATION
### N.J.S.A. 10:5-1 *et seq.* ("NJLAD").

52.    Plaintiff repeats the allegations set forth above as if they had been set forth at length herein

53.    The NJLAD, at N.J.S.A. 10:5-12(a), prohibits, among other things, employers from discriminating against employees on the basis of sex/gender/race., from creating a hostile work environment and from retaliation.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

54.     Defendant Hackensack Meridian and Defendant Ardent Health Services are "employers" as that term is defined in the NJLAD. The Plaintiff is a member of a protected class.

55.     Defendant Hackensack Meridian, Defendant Ardent Health Services, Defendant Paricio, Defendant Oliver and Defendant Williams subjected Plaintiff James to differential treatment based upon her gender/sex/race in violation of NJLAD. Plaintiff was subjected to harassment and pressure to change evaluations because of her gender/sex and would not have otherwise endured that differential treatment but for her gender/sex. Defendant Hackensack Meridian, Defendant Ardent Health Services, Defendant Knox subjected black employees, which includes Plaintiff James, to differential treatment because of race. Defendant Knox's statement that "*If you guys don't do something about these fines, you're going to be picking cotton*" is racial discrimination, offensive and unlawful and violates NJLAD.

56.     The Defendants retaliated against Plaintiff James for her objections to the revision of the performance evaluations by pressuring resigning nurses to blame their resignations on the Plaintiff. and by creating a "Plan of Action" designed to harass her. The hostile, and retaliatory actions of the Defendants caused Plaintiff James to be constructively discharged from her job.

57.     The NJLAD violations described herein were committed by the Defendants oppressively, willfully, and maliciously. They were sufficiently severe, or pervasive that a reasonable person would have deemed them to be hostile, abusive, intimidating, or offensive.

58.     Plaintiff was constructively discharged when she was forced to resign because she could not endure the unlawful, outrageous coercive or unconscionable acts demanded by the Defendants which violated her employment rights.

59.     As a direct and proximate result of Defendant's NJLAD violations, Plaintiff James suffered damages, including but not limited to, humiliation, emotional distress, mental pain and anguish,

lost wages, and continues to suffer losses in earning, job experience, retirement benefits, and other employee benefits that he would have received absent Defendant's unlawful conduct.

60.     Defendant Hackensack Meridian, and Defendant Ardent Health Services are responsible for the actions of all the Defendants.

WHEREFORE, Plaintiff James demands judgment against Defendant Hackensack Meridian, Defendant Ardent Health Services, Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox and that the Court grant the following relief:

a)     Ordering Defendants to cease and desist from subjecting employees to acts of discrimination.

(b)     Ordering Defendants to submit to training and against such acts for a period of two years.

(c)      Ordering remedial relief, including but not limited to back pay, front pay, lost benefits, and interest, sufficient to make Plaintiff whole, for losses suffered because of discrimination against her as alleged in this complaint.

(d)     Awarding compensatory damages in an amount to be determined at trial.

(e)     Awarding Plaintiff punitive damages because of the intentional and willful nature of the Defendant's conduct, pursuant to N.J.S.A. 10:5-13.

(f)     Awarding costs, including Attorneys' fees, pursuant to N.J.S.A. 10:5-27.1; and

(g)     Awarding Pre and Post Judgment interest on all monetary awards.

(h)     Awarding such additional relief as the interests of justice may require.

## COUNT 5
### VICARIOUS LIABILITY / RESPONDEAT SUPERIOR

61. Plaintiff James repeats and realleges all of the allegations above as if set forth at length herein.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

62. Defendant Hackensack Meridian Mountainside Medical Center and /or Defendant Ardent Health Services, employed Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox at the time that they committed the tortious acts and omissions alleged herein.

63. Therefore, Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services are strictly liable for the equitable damages suffered by Plaintiff James.

64. Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services are further liable for compensatory and consequential damages because Defendant Paricio, Defendant Oliver and Defendant Williams and Defendant Knox committed the tortious acts and omissions alleged herein within the scope of their employment relationship with Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services.

65. Defendant Paricio, Defendant Oliver, Defendant Williams and Defendant Knox committed the tortious acts and omissions alleged herein substantially within the time and space limits authorized by their employment with Defendant Hackensack Meridian Mountainside Medical Center and/or Defendant Ardent Health Services.

66. The tortious acts and omissions committed by Defendant Paricio, Defendant Oliver. Defendant Williams and Defendant Knox were actuated in part by a purpose to serve Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services.

67. Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services either intended for Defendant Paricio, Defendant Oliver, Defendant

Williams, and Defendant Knox to commit the tortious acts and omissions alleged herein, or acted with recklessness, or failed to exercise reasonable care, in supervising these Defendants.

68. The tortious acts and omissions committed by Defendant Paricio, Defendant Oliver, Defendant Williams and Defendant Knox were clothed with the appearance of authority.

69. Plaintiff James reasonably relied on that apparent authority.

70. At all relevant times, Defendant Hackensack Meridian Mountainside Medical Center and/or Defendant Ardent Health Services retained control over the manner and means of the work that Defendant Paricio, Defendant Oliver, Defendant Williams and Defendant Knox did on their behalf.

71. On information and belief, Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services knew or should have known of its ability to control Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox, and of the necessity and opportunity for exercising such control.

72. On information and belief, Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services failed to exercise reasonable care so as to control Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox as to prevent them from intentionally harming others or from creating an unreasonable risk of harm to others.

73. The tortious acts and omissions committed by Defendant Paricio, Defendant Oliver, Defendant Williams and Defendant Knox took place on premises which they were privileged to enter as a result of their employment relationship with Defendant

Hackensack Meridian Mountainside Medical Center and/or Defendant Ardent Health Services.

74. On information and belief, Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services demonstrated willful indifference towards the tortious acts and omissions committed by Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox.

75. On information and belief, Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services knew, or had reason to know, or could have determined with reasonable investigation, that Defendant Paricio, Defendant Oliver, Defendant Williams and Defendant Knox had dangerous character traits for committing the tortious acts and omissions alleged herein, in that Defendants had been known to behave unethically and unlawfully.

76. On information and belief, Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services could reasonably have foreseen that Defendant Paricio, Defendant Oliver, Defendant Williams' and Defendant Knox's dangerous character traits created a risk of harm to other persons, such as Plaintiff James.

77. The injuries suffered by Plaintiff James were directly and proximately caused by Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox's dangerous character traits.

78. For all of the foregoing reasons, Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services are vicariously and directly liable to Plaintiff James for all of her damages, by operation of the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment against Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services for the following:

A.    compensatory damages.

B.    consequential damages.

C.    back pay.

D.    punitive damages.

E.    reasonable attorney's fees and costs to the extent permitted by law.

F.    pre- and post-judgment interest on all monetary awards; and

G.    any other relief deemed just and equitable by the court.

Dated:  4/30/2021                                  FRITZ, GROSSWALD & WALTERS, LLC
                                                   Attorneys for Plaintiff

                                                   s/ Karlene Rawle-Walters
                                                   _____
                                                   Karlene Rawle-Walters Esq.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all of the triable issues of this Complaint, pursuant to R. 1:8-1(b) and R. 4:35-1(a).

Dated:  4/30/2021                                  FRITZ, GROSSWALD & WALTERS, LLC
                                                   Attorneys for Plaintiff

                                                   s/ Karlene Rawle-Walters
                                                   _____
                                                   Karlene Rawle-Walters Esq.

## RULE 4:5-1(b)(2) CERTIFICATION

Pursuant to R. 4:5-1(b)(2), the undersigned counsel hereby certifies that to the best of counsel's knowledge and belief, the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated. Other than the parties set forth in this pleading, counsel knows of no other parties that should be joined in this action. Counsel recognizes the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this certification.

Dated: 4/30/2021

FRITZ, GROSSWALD & WALTERS, LLC
Attorneys for Plaintiff

s/ Karlene Rawle-Walters

_____
Karlene Rawle-Walters Esq.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to New Jersey Court Rule 4:10-2(b), demand is hereby made that defendants disclose to the Plaintiff's Attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business, may be liable to satisfy part or all of a judgment which may be entered in this action, or indemnify or reimburse for payments made to satisfy the judgment, and provide Plaintiff's Attorney with true copies of those insurance policies or agreements. This Demand shall include and cover not only primary coverage but also any and all excess and umbrella policies.

Dated: 4/30/2021

FRITZ, GROSSWALD & WALTERS, LLC
Attorneys for Plaintiff

s/ Karlene Rawle-Walters

_____
Karlene Rawle-Walters Esq.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

### TRIAL COUNSEL DESIGNATION

Pursuant to R. 4:5-1(c), Karlene Rawle-Walters Esq., is designated as trial counsel for Plaintiff in the above matter.

Dated:  4/30/2021

FRITZ, GROSSWALD & WALTERS, LLC
Attorneys for Plaintiff

*s/Karlene Rawle-Walters*
_____
Karlene Rawle-Walters Esq.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

## VERIFICATION

I verify that the facts set forth in the foregoing Complaint are true to the best of my knowledge and belief.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _____     4/30/2021

DocuSigned by:

*Lendra James*

Lendra James, Plaintiff

**SUMMONS**

Attorney(s) <u>Fritz, Grosswald & Walters, LLC</u>

Office Address <u>350 Main St.</u>

Town, State, Zip Code <u>West Orange, NJ 07052</u>

Telephone Number <u>973-744-2223</u>

Attorney(s) for Plaintiff <u>Karlene Rawle-Walters Esq.</u>

<u>LENDRA JAMES</u>

Plaintiff(s)

vs.

<u>Hackensack Meridian Mountainside</u>

<u>Medical Center, a NJ Corporation; et al</u>

Defendant(s)

**Superior Court of
New Jersey**

<u>Essex</u>          County

<u>Law</u>          Division

Docket No: _____

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED: <u>04/30/2021</u>

Name of Defendant to Be Served: <u>Hackensack Meridian Mountainside Medical Center</u>

Address of Defendant to Be Served: <u>1 Bay Avenue, Montclair, New Jersey 07052</u>

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

## SUMMONS

Attorney(s) <u>Fritz, Grosswald & Walters, LLC</u>

Office Address <u>350 Main St.</u>

Town, State, Zip Code <u>West Orange, NJ 07052</u>

Telephone Number <u>973-744-2223</u>

Attorney(s) for Plaintiff <u>Karlene Rawle-Walters Esq.</u>

<u>LENDRA JAMES</u>

Plaintiff(s)

vs.

<u>Hackensack Meridian Mountainside</u>

<u>Medical Center, a NJ Corporation; et al</u>

Defendant(s)

### Superior Court of New Jersey

<u>Essex</u>          County

<u>Law</u>          Division

Docket No: _____

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED: <u>04/30/2021</u>

Name of Defendant to Be Served: <u>Nicole Williams</u>

Address of Defendant to Be Served: <u>1 Bay Avenue, Montclair, New Jersey 07052</u>

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

## SUMMONS

Attorney(s) <u>Fritz, Grosswald & Walters, LLC</u>

Office Address <u>350 Main St.</u>

Town, State, Zip Code <u>West Orange, NJ 07052</u>

Telephone Number <u>973-744-2223</u>

Attorney(s) for Plaintiff <u>Karlene Rawle-Walters Esq.</u>

<u>LENDRA JAMES</u>

Plaintiff(s)

vs.

<u>Hackensack Meridian Mountainside</u>

<u>Medical Center, a NJ Corporation; et al</u>

Defendant(s)

## Superior Court of New Jersey

<u>Essex</u>          County

<u>Law</u>          Division

Docket No: _____

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED: <u>04/30/2021</u>

Name of Defendant to Be Served: <u>Dell Oliver</u>

Address of Defendant to Be Served: <u>1 Bay Avenue, Montclair, New Jersey 07052</u>

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

## SUMMONS

Attorney(s) <u>Fritz, Grosswald & Walters, LLC</u>

Office Address <u>350 Main St.</u>

Town, State, Zip Code <u>West Orange, NJ 07052</u>

Telephone Number <u>973-744-2223</u>

Attorney(s) for Plaintiff <u>Karlene Rawle-Walters Esq.</u>

LENDRA JAMES

_____

     Plaintiff(s)

vs.

Hackensack Meridian Mountainside

Medical Center, a NJ Corporation; et al

     Defendant(s)

### Superior Court of
### New Jersey

<u>Essex</u>     County

<u>Law</u>     Division

Docket No: _____

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____
    Clerk of the Superior Court

DATED: <u>04/30/2021</u>

Name of Defendant to Be Served: <u>Heather Paricio</u>

Address of Defendant to Be Served: <u>1 Bay Avenue, Montclair, New Jersey 07052</u>

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

### SUMMONS

Attorney(s) Fritz, Grosswald & Walters, LLC

Office Address  350 Main St.

Town, State, Zip Code  West Orange, NJ 07052

Telephone Number  973-744-2223

Attorney(s) for Plaintiff  Karlene Rawle-Walters Esq.

LENDRA JAMES

Plaintiff(s)

vs.

Hackensack Meridian Mountainside

Medical Center, a NJ Corporation; et al

Defendant(s)

## Superior Court of
## New Jersey

Essex         County

Law          Division

Docket No: _____

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED:  04/30/2021

Name of Defendant to Be Served:  Ardent Health Services

Address of Defendant to Be Served:  1 Burton Hills Boulevard, # 250, Nashville Tennessee 37215

**SUMMONS**

Attorney(s) <u>Fritz, Grosswald & Walters, LLC</u>

Office Address  <u>350 Main St.</u>

Town, State, Zip Code  <u>West Orange, NJ 07052</u>

Telephone Number  <u>973-744-2223</u>

Attorney(s) for Plaintiff  <u>Karlene Rawle-Walters Esq.</u>

LENDRA JAMES

Plaintiff(s)

vs.

Hackensack Meridian Mountainside

Medical Center, a NJ Corporation; et al

Defendant(s)

**Superior Court of New Jersey**

<u>Essex</u>        County

<u>Law</u>        Division

Docket No: _____

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED:  <u>04/30/2021</u>

Name of Defendant to Be Served:  <u>Vickie Knox</u>

Address of Defendant to Be Served:  <u>1 Burton Hills Boulevard, # 250, Nashville Tennessee 37215</u>

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
| --- |
| Payment type: ☐ ck ☐ cg ☐ ca |
| Chg/Ck Number: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
| --- | --- | --- |
| Karlene Rawle-Walters Esq. | (973) 744-2223 | Essex |

| Firm Name (if applicable) | Docket Number (when available) |
| --- | --- |
| Fritz, Grosswald & Walters, LLC | |

| Office Address | Document Type |
| --- | --- |
| 350 Main Street<br>West Orange, NJ 07052 | Verified Complaint |
| | Jury Demand   ■ Yes   ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
| --- | --- |
| LENDRA JAMES<br>Plaintiff | Lendra James vs. Hackensack Meridian Mountainside Medical Center, a NJ Corporation;Ardent Health Services;Heather Paricio; Dell Oliver; Nicile Williams;Vickie Knox |

| Case Type Number<br>(See reverse side for listing)<br>618 | Are sexual abuse claims alleged?<br>☐ Yes   ■ No | Is this a professional malpractice case?   ☐ Yes   ■ No<br>If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |
| --- | --- | --- |

| Related Cases Pending?<br>☐ Yes   ■ No | If "Yes," list docket numbers |
| --- | --- |

| Do you anticipate adding any parties<br>(arising out of same transaction or occurrence)?<br>☐ Yes   ■ No | Name of defendant's primary insurance company (if known)   ☐ None<br>■ Unknown |
| --- | --- |

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship?<br>■ Yes   ☐ No | If "Yes," is that relationship:<br>■ Employer/Employee   ☐ Friend/Neighbor   ☐ Other (explain)<br>☐ Familial   ☐ Business |
| --- | --- |

| Does the statute governing this case provide for payment of fees by the losing party?   ■ Yes   ☐ No |
| --- |

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations?<br>☐ Yes   ■ No | If yes, please identify the requested accommodation: |
| --- | --- |
| Will an interpreter be needed?<br>☐ Yes   ■ No | If yes, for what language? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

Attorney Signature: *Karlene Rawle Walters*

**Side 2**



# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days discovery

| | | | |
|---|---|---|---|
| 151 | Name Change | 506 | PIP Coverage |
| 175 | Forfeiture | 510 | UM or UIM Claim (coverage issues only) |
| 302 | Tenancy | 511 | Action on Negotiable Instrument |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) | 512 | Lemon Law |
| | | 801 | Summary Action |
| 502 | Book Account (debt collection matters only) | 802 | Open Public Records Act (summary action) |
| 505 | Other Insurance Claim (including declaratory judgment actions) | 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | | | |
|---|---|---|---|
| 305 | Construction | 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) | 605 | Personal Injury |
| | | 610 | Auto Negligence – Property Damage |
| 599 | Contract/Commercial Transaction | 621 | UM or UIM Claim (includes bodily injury) |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) | 699 | Tort – Other |

### Track III - 450 days discovery

| | | | |
|---|---|---|---|
| 005 | Civil Rights | 608 | Toxic Tort |
| 301 | Condemnation | 609 | Defamation |
| 602 | Assault and Battery | 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 604 | Medical Malpractice | | |
| 606 | Product Liability | 617 | Inverse Condemnation |
| 607 | Professional Malpractice | 618 | Law Against Discrimination (LAD) Cases |

### Track IV - Active Case Management by Individual Judge / 450 days discovery

| | | | |
|---|---|---|---|
| 156 | Environmental/Environmental Coverage Litigation | 514 | Insurance Fraud |
| 303 | Mt. Laurel | 620 | False Claims Act |
| 508 | Complex Commercial | 701 | Actions in Lieu of Prerogative Writs |
| 513 | Complex Construction | | |

### Multicounty Litigation (Track IV)

| | | | |
|---|---|---|---|
| 271 | Accutane/Isotretinoin | 601 | Asbestos |
| 274 | Risperdal/Seroquel/Zyprexa | 623 | Propecia |
| 281 | Bristol-Myers Squibb Environmental | 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 282 | Fosamax | 625 | Firefighter Hearing Loss Litigation |
| 285 | Stryker Trident Hip Implants | 626 | Abilify |
| 286 | Levaquin | 627 | Physiomesh Flexible Composite Mesh |
| 289 | Reglan | 628 | Taxotere/Docetaxel |
| 291 | Pelvic Mesh/Gynecare | 629 | Zostavax |
| 292 | Pelvic Mesh/Bard | 630 | Proceed Mesh/Patch |
| 293 | DePuy ASR Hip Implant Litigation | 631 | Proton-Pump Inhibitors |
| 295 | AlloDerm Regenerative Tissue Matrix | 632 | HealthPlus Surgery Center |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components | 633 | Prolene Hernia System Mesh |
| 297 | Mirena Contraceptive Device | 634 | Allergan Biocell Textured Breast Implants |
| 299 | Olmesartan Medoxomil Medications/Benicar | | |
| 300 | Talc-Based Body Powders | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ **Putative Class Action**     ☐ **Title 59**   ☐ **Consumer Fraud**

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

**FRITZ, GROSSWALD & WALTERS, LLC**
Karlene Rawle-Walters (Attorney ID #:021791990)
350 Main Street
West Orange NJ 07052
Phone: (973) 744-2223
Fax: (973) 744-0719
*Attorneys for Plaintiff Lendra James*

| | |
|---|---|
| LENDRA JAMES, an individual<br><br>Plaintiff,<br><br>  -  against -<br>HACKENSACK MERIDIAN<br>MOUNTAINSIDE MEDICAL CENTER, a<br>New Jersey corporation; ARDENT HEALTH<br>SERVICES, a Tennessee business/corporation;<br>HEATHER PARICIO, an individual; DELL<br>OLIVER, an individual; NICOLE WILLIAMS,<br>an individual: VICKIE KNOX, an individual.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br><br>LAW DIVISION: ESSEX<br><br>DOCKET NO.<br><br><u>Civil Action</u><br><br>**VERIFIED COMPLAINT**<br>**JURY DEMAND** |

The Plaintiff, LENDRA JAMES ("Plaintiff James"), by and through the undersigned attorney, Fritz, Grosswald & Walters, LLC, by way of Complaint against the above-named Defendants, hereby alleges the following:

## THE PARTIES

1. PLAINTIFF LENDRA JAMES ("Plaintiff James"), is an individual residing at 142 Arbor Way, Stroudsburg, PA 18360 and was employed by Defendant Hackensack Meridian Mountainside Medical Center, located at 1 Bay Avenue, Montclair New Jersey, 07052.

2. DEFENDANT HACKENSACK MERIDIAN MOUNTAINSIDE MEDICAL CENTER is a business operating at 1 Bay Avenue, Montclair NJ, 07052, (Also referred herein to as "Hackensack Meridian")

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

3.  DEFENDANT HEATHER PARICIO ("Defendant Paricio") is the Vice President of
    Human Resources of Hackensack Meridian Mountainside Medical Center located at 1
    Bay Avenue, Montclair NJ, 07052.

4.  DEFENDANT DELL OLIVER ("Defendant Oliver") is the Chief Nursing Officer of
    Hackensack Meridian Mountainside Medical Center located at 1 Bay Avenue, Montclair
    NJ, 07052.

5.  DEFENDANT NICOLE WILLIAMS ("Defendant Williams") is the Human Resources
    Business Partner, at Hackensack Meridian Mountainside Medical Center located at 1 Bay
    Avenue, Montclair NJ, 07052.

6.  DEFENDANT ARDENT HEALTH SERVICES ("Defendant Ardent") is the service or
    business that has eighty percent 80% ownership of Hackensack Meridian Mountainside
    Medical Center, under a Joint Venture Agreement. Ardent Health Services has corporate
    offices located at 1 Burton Hills Boulevard, # 250, Nashville, Tennessee 37215.

7.  DEFENDANT VICKIE KNOX ("Defendant Knox") is the Vice President of Clinical
    Outcomes for Defendant Ardent Health Services. Defendant Knox works for the
    corporate office of Ardent Health Services located at 1 Burton Hills Boulevard, # 250,
    Nashville, Tennessee 37215.


### GENERAL ALLEGATIONS

8.  Plaintiff James is a black, female who has worked for Hackensack Meridian
    Mountainside Medical Center from February 24, 2020 as the Director of Nursing for the
    5th Floor.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

9. Plaintiff James holds a master's degree in Healthcare Administration, with approximately ten (10) years of leadership experience. She supervises and oversees approximately 90 employees who care for thousands of patients a year, many of whom have life threatening medical conditions.

10. Plaintiff James handles the day-to-day operations of two nursing units. Her direct reports consist of registered nurses, nurse assistants, and unit secretaries who work on the fifth floor. Her daily responsibilities include completing payroll, schedules, performance evaluations, disciplines, educating, coaching, and mentoring and ensuring that her nursing units operate at optimal levels.

11. Plaintiff James has noted that the Defendant Hackensack Meridian, has lacked a supportive infrastructure. There is no support that includes the understanding of the required leadership style and accountability in an environment that has limited resources, structure, and competency. She has brought this deficiency to management's attention.

12. Plaintiff's ability to hold a team accountable is a critical attribute a leader should possess. However, Defendant Hackensack Meridian has not provided the resources needed by Plaintiff James and her team to ensure a supportive environment. There has been no support for the needs of the fifth floor. The staffing crisis has led to burn outs and resignations. The inability to be competitive with the current market has made it difficult to replace employees. Registered Nurses are working at 1:8 & 1:9 ratios while caring for patients suffering from COVID-19. Nurse assistants care for 1:16 patients.

13. Plaintiff James has raised these deficiencies and issues with her supervisor and chief nursing officer Defendant Dell Oliver on several occasions over the past year. Plaintiff has requested focus groups with Defendant Dell Oliver and with the Human Resources

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

Business Partner Defendant Nicole Williams in October of 2020, in attempts to proactively address the burn out and resignations. Unfortunately, the matters have not been addressed and the focus groups were never established.

14. Defendant Hackensack Meridian has failed to consider these recommendations made by Plaintiff James, therefore the staffing crisis, staff burn out and resignations have persisted.

15. Plaintiff James prepares performance reviews as a part of her job duties. She was pressured and harassed by Defendants Paricio, Oliver and Williams to fraudulently alter nurse's performance reviews so that the hospital could benefit financially from the CARES ACT. After completing performance evaluations, Plaintiff was told not to meet with any more employees until Defendant Williams had a chance to review each and everyone.

16. Defendants Oliver and Williams spent two days in Plaintiff James' office to coerce her into revising and improving evaluations on employees who were not performing at such a level. Defendant Dell said that there are extra funds available because of the CARES ACT so they wanted to evaluate staff at higher performance as there would be financial incentive in bonuses as well.

17. Employee performance evaluations that Plaintiff James's had completed, were changed. Plaintiff did not agree with the decision to revise her evaluations. Ms. James was retaliated against for her objections to changing performance reviews in that members of human resources pressured resigning nurses to blame their resignations on the Plaintiff. This resulted in an investigation into Plaintiff James for the high level of turnover in the hospital.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

18. Plaintiff James believes, as a healthcare worker, it is important for caregivers to be competent and evaluated effectively.

19. On March 22, 2021, Dell Oliver sent Plaintiff James an email which included a Plan of Action referencing that James did not ensure staff attendance to multidisciplinary rounds while she was on vacation. This had never been established as an expectation. Plaintiff James took time off from Mar 16, 2021 to March 19, 2021, and had a covering director while on vacation, who should have been expected to ensure staff attendance. The Plan of Action included items such as balancing schedules which had not been discussed prior. The issues raised in the Plan of Action were not concerns until James objected to revising performance evaluations. The Plan of Action was an attempt to harass and retaliate against Plaintiff James for objecting to the unethical, illegal revisions of performance evaluations.

20. On or around April 15, 2021, Defendant Paricio, instigated a disagreement between Plaintiff James and human resources via email, to harass, retaliate and cause emotional distress to Plaintiff James.

21. On information and belief, Defendant Hackensack Meridian is currently in immediate jeopardy by the Department of Health due to patient complaints of inefficient care that has been provided. Changing evaluations for financial gain is unethical as nursing is a serious profession and should be evaluated accurately. The demand by these Defendants to revise the evaluations is substantial as it yields a specific danger to public health. Plaintiff James is forced to believe that she would not have been subjected to Defendant's unethical demands had she been a male.

22. There was a common theme from staff who resigned. During exit interviews, staff perception was that they were interviewed multiple times by human resources and senior leadership and understood that they wanted to hear that they were leaving because of Plaintiff James.

23. On information and belief Defendant Hackensack Meridian Mountainside Medical Center has been fined approximately two million dollars ($ 2,000,000.00) for hospital acquired medical conditions that patients have sustained.

24. On information and belief, during a meeting where that two-million-dollar ($ 2,000,000.00) fine was being discussed by Defendant Dell Oliver, Defendant Vicki Knox stated, "*If you guys don't do something about these fines, you're going to be picking cotton*". Defendant Dell Oliver and half of her leadership team are black, including Plaintiff James. The inpatient nurse directors are black. Ms. Knox's statement was highly discriminatory.

25. Defendant Hackensack Meridian Mountainside Medical Center and/or Ardent Health Services, engaged in negligent hiring/ retention by allowing Defendants Paricio, Oliver, Williams, and Knox to behave in such a manner.

26. Plaintiff James faced severe emotional distress as a result of this treatment.

27. Defendant Hackensack Meridian Mountainside Medical Center and /or Ardent Health Services is vicariously liable for the actions of Defendants Paricio, Oliver, Williams, and Knox through the doctrine of respondeat superior.

### COUNT 1
**New Jersey Conscientious Employee Protection Act N.J.S.A. §§ 34:19-1 – 34:19-8
WHISTLE-BLOWING / RETALIATION /CONSTRUCTIVE DISCHARGE**

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

28. Plaintiff James repeats and realleges all the allegations above as if set forth at length herein.

29. In relevant part, the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 – 34:19-8 (hereinafter "NJ CEPA") prohibits all public and private employers from retaliating against employees who disclose, object to, or refuse to participate in certain actions that the employees reasonably believe are either illegal or in violation of public policy.

30. Defendant Paricio, Defendant Oliver and Defendant Williams, were engaged in conduct that was a violation of law or public policy by harassing Plaintiff James to revise nurse evaluations in order to take advantage of funding available under the CARES ACT.

31. Plaintiff James objected to participating in the forging of the evaluations and was retaliated against as a result.

32. Specifically, Plaintiff James faced adverse employment action when members of human resources pressured nurses to blame Plaintiff James for them leaving during their exit interviews. This resulted in an investigation into Plaintiff James for the high level of turnover in the hospital. Plaintiff James was forced to resign in large part because she was placed under clear instructions to revise and improve evaluations, on employees who were under performing, for the benefit of Defendant Hackensack Meridian, so that they could qualify for the CARES Act. This was an abuse of authority and a substantial danger to public health and a serious concern to have an incompetent employee with a competent evaluation treating patients. Plaintiff James could not condone that behavior.

33. There is a direct causal connection between Plaintiff James' objection to falsifying the nurse's evaluations for financial gain and the adverse employment action against her.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

34. This conduct amounts to a violation of NJ CEPA.

35. Defendant Paricio, Defendant Oliver and Defendant Williams had the authority to control Plaintiff James' working environment. These Defendants abused that authority and violated NJ CEPA. Defendant Hackensack Meridian Mountainside Medical Center may be held liable.

36. Plaintiff was constructively discharged when she was forced to resign because she could not endure the unlawful, outrageous coercive or unconscionable acts demanded by the Defendants which violated her employment rights.

37. As a direct and proximate result of this conduct, Plaintiff James has suffered economic, consequential, and emotional damages.

WHEREFORE, Plaintiff James prays for judgment against Defendant Hackensack Meridian Mountainside Medical Center and/or Ardent Health Services, Defendant Paricio, Defendant Oliver, and Defendant Williams, for the following:

A.     compensatory damages.

B.     consequential damages.

C.     back pay.

D.     punitive damages.

E.     reasonable attorney's fees and costs pursuant to N.J.S.A. 10:5-27.1.

F.     pre- and post-judgment interest on all monetary awards; and

G.     any other relief deemed just and equitable by the court.

## COUNT 2
### NEGLIGENCE/ NEGLIGENT HIRING / NEGLIGENT RETENTION

38. Plaintiff James repeats and realleges all of the allegations above as if set forth at length herein.

39. Defendant Hackensack Meridian Mountainside Medical Center and/or Ardent Health Services, employed Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox at the time that they committed the tortious acts and omissions alleged herein.

40. On information and belief, Defendant Hackensack Meridian Mountainside Medical Center and/or Ardent Health Services, knew or had reason to know, or could have determined with reasonable investigation, that Defendant Paricio, Defendant Oliver, Defendant Williams and Defendant Knox had dangerous character traits for committing the tortious acts and omissions alleged herein, and that Defendants Paricio, Oliver and Williams were involved in a conspiracy to commit fraud to take advantage of the CARES ACT, for financial gain and that Defendant Knox's directive and statement with racial undertones and intentions was discriminatory.

41. On information and belief, Defendant Hackensack Meridian Mountainside Medical Center and/or Ardent Health Services could reasonably have foreseen that these Defendant's dangerous character traits and unethical behavior created a risk of harm to other persons, such as Plaintiff James and the patients of the hospital.

42. On information and belief there have been complaints in the past and internal investigations of human resources, of Hackensack Meridian Mountainside Medical Center and /or Ardent Health Services as one or more Defendants have been accused of discrimination.

43. The injuries suffered by Plaintiff James were directly and proximately caused by Defendant Paricio's, Defendant Oliver's, Defendant Williams', and Defendant Knox's dangerous character traits. Defendant Hackensack Meridian Mountainside Medical Center and/or Ardent Health Service are responsible for negligent hiring and retention.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

44. Defendant Hackensack Meridian and/or Defendant Ardent Health Services owed a duty to the employees such as Plaintiff James to protect her from this harm. Defendants Hackensack Meridian and Ardent Health Services breached that duty, and the actions of all defendants herein constitute negligence.

WHEREFORE, Plaintiff prays for judgment against Defendants Hackensack Meridian Mountainside Medical Center and/or Ardent Health Services for the following:

A.    compensatory damages.

B.    consequential damages.

C.    back pay.

D.    punitive damages.

E.    reasonable attorney's fees and costs to the extent permitted by law.

F.    pre- and post-judgment interest on all monetary awards; and

G.    any other relief deemed just and equitable by the court.

### COUNT 3
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff James repeats and realleges all of the allegations above as if set forth at length herein.

46. Defendant Hackensack Meridian, Defendant Paricio, Defendant Oliver and Defendant Williams engaged in extreme and outrageous conduct by subjecting Plaintiff James to pressure to commit fraud and for the various aforementioned retaliatory actions toward her, for objecting to the fraud.

47. Defendant Hackensack Meridian and/or Defendant Ardent Health Services and Defendant Knox's engaged in extreme and outrageous conduct as indicated by the racially discriminatory statement made.

48. According to the facts herein, Defendants Paricio, Oliver and Williams also acted intentionally in a fashion intended to produce emotional distress.

49. Defendants acted recklessly in a deliberate disregard of a high degree of probability that emotional distress would follow from their conduct.

50. Defendants' extreme and outrageous conduct proximately caused Plaintiff James to suffer emotional distress so severe that no reasonable person could be expected to endure it.

51. Defendants' extreme and outrageous conduct was willful and wanton.

WHEREFORE, Plaintiff prays for judgment against Defendant Hackensack Meridian Mountainside Memorial Center, Defendant Ardent Health Services, Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox for the following:

    A.     compensatory damages.

    B.     consequential damages.

    C.     back pay.

    D.     punitive damages.

    E.     reasonable attorney's fees and costs to the extent permitted by law.

    F.     pre- and post-judgment interest on all monetary awards; and

### COUNT 4
**GENDER/SEX/ RACE DISCRIMINATION /HOSTILE WORK ENVIRONMENT IN VIOLATION OF LAW AGAINST DISCRIMINATION/CONSTRUCTIVE DISCHARGE AND RETALIATION**
**N.J.S.A. 10:5-1 *et seq.* ("NJLAD").**

52.    Plaintiff repeats the allegations set forth above as if they had been set forth at length herein

53.    The NJLAD, at N.J.S.A. 10:5-12(a), prohibits, among other things, employers from discriminating against employees on the basis of sex/gender/race., from creating a hostile work environment and from retaliation.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

54.     Defendant Hackensack Meridian and Defendant Ardent Health Services are "employers" as that term is defined in the NJLAD. The Plaintiff is a member of a protected class.

55.     Defendant Hackensack Meridian, Defendant Ardent Health Services, Defendant Paricio, Defendant Oliver and Defendant Williams subjected Plaintiff James to differential treatment based upon her gender/sex/race in violation of NJLAD. Plaintiff was subjected to harassment and pressure to change evaluations because of her gender/sex and would not have otherwise endured that differential treatment but for her gender/sex. Defendant Hackensack Meridian, Defendant Ardent Health Services, Defendant Knox subjected black employees, which includes Plaintiff James, to differential treatment because of race. Defendant Knox's statement that "*If you guys don't do something about these fines, you're going to be picking cotton*" is racial discrimination, offensive and unlawful and violates NJLAD.

56.     The Defendants retaliated against Plaintiff James for her objections to the revision of the performance evaluations by pressuring resigning nurses to blame their resignations on the Plaintiff. and by creating a "Plan of Action" designed to harass her. The hostile, and retaliatory actions of the Defendants caused Plaintiff James to be constructively discharged from her job.

57.     The NJLAD violations described herein were committed by the Defendants oppressively, willfully, and maliciously. They were sufficiently severe, or pervasive that a reasonable person would have deemed them to be hostile, abusive, intimidating, or offensive.

58.     Plaintiff was constructively discharged when she was forced to resign because she could not endure the unlawful, outrageous coercive or unconscionable acts demanded by the Defendants which violated her employment rights.

59.     As a direct and proximate result of Defendant's NJLAD violations, Plaintiff James suffered damages, including but not limited to, humiliation, emotional distress, mental pain and anguish,

lost wages, and continues to suffer losses in earning, job experience, retirement benefits, and other employee benefits that he would have received absent Defendant's unlawful conduct.

60.     Defendant Hackensack Meridian, and Defendant Ardent Health Services are responsible for the actions of all the Defendants.

WHEREFORE, Plaintiff James demands judgment against Defendant Hackensack Meridian, Defendant Ardent Health Services, Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox and that the Court grant the following relief:

a)     Ordering Defendants to cease and desist from subjecting employees to acts of discrimination.

(b)     Ordering Defendants to submit to training and against such acts for a period of two years.

(c)      Ordering remedial relief, including but not limited to back pay, front pay, lost benefits, and interest, sufficient to make Plaintiff whole, for losses suffered because of discrimination against her as alleged in this complaint.

(d)     Awarding compensatory damages in an amount to be determined at trial.

(e)     Awarding Plaintiff punitive damages because of the intentional and willful nature of the Defendant's conduct, pursuant to N.J.S.A. 10:5-13.

(f)     Awarding costs, including Attorneys' fees, pursuant to N.J.S.A. 10:5-27.1; and

(g)     Awarding Pre and Post Judgment interest on all monetary awards.

(h)     Awarding such additional relief as the interests of justice may require.


## COUNT 5
### VICARIOUS LIABILITY / RESPONDEAT SUPERIOR

61. Plaintiff James repeats and realleges all of the allegations above as if set forth at length herein.

62. Defendant Hackensack Meridian Mountainside Medical Center and /or Defendant Ardent Health Services, employed Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox at the time that they committed the tortious acts and omissions alleged herein.

63. Therefore, Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services are strictly liable for the equitable damages suffered by Plaintiff James.

64. Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services are further liable for compensatory and consequential damages because Defendant Paricio, Defendant Oliver and Defendant Williams and Defendant Knox committed the tortious acts and omissions alleged herein within the scope of their employment relationship with Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services.

65. Defendant Paricio, Defendant Oliver, Defendant Williams and Defendant Knox committed the tortious acts and omissions alleged herein substantially within the time and space limits authorized by their employment with Defendant Hackensack Meridian Mountainside Medical Center and/or Defendant Ardent Health Services.

66. The tortious acts and omissions committed by Defendant Paricio, Defendant Oliver. Defendant Williams and Defendant Knox were actuated in part by a purpose to serve Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services.

67. Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services either intended for Defendant Paricio, Defendant Oliver, Defendant

Williams, and Defendant Knox to commit the tortious acts and omissions alleged herein, or acted with recklessness, or failed to exercise reasonable care, in supervising these Defendants.

68. The tortious acts and omissions committed by Defendant Paricio, Defendant Oliver, Defendant Williams and Defendant Knox were clothed with the appearance of authority.

69. Plaintiff James reasonably relied on that apparent authority.

70. At all relevant times, Defendant Hackensack Meridian Mountainside Medical Center and/or Defendant Ardent Health Services retained control over the manner and means of the work that Defendant Paricio, Defendant Oliver, Defendant Williams and Defendant Knox did on their behalf.

71. On information and belief, Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services knew or should have known of its ability to control Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox, and of the necessity and opportunity for exercising such control.

72. On information and belief, Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services failed to exercise reasonable care so as to control Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox as to prevent them from intentionally harming others or from creating an unreasonable risk of harm to others.

73. The tortious acts and omissions committed by Defendant Paricio, Defendant Oliver, Defendant Williams and Defendant Knox took place on premises which they were privileged to enter as a result of their employment relationship with Defendant

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

Hackensack Meridian Mountainside Medical Center and/or Defendant Ardent Health Services.

74. On information and belief, Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services demonstrated willful indifference towards the tortious acts and omissions committed by Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox.

75. On information and belief, Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services knew, or had reason to know, or could have determined with reasonable investigation, that Defendant Paricio, Defendant Oliver, Defendant Williams and Defendant Knox had dangerous character traits for committing the tortious acts and omissions alleged herein, in that Defendants had been known to behave unethically and unlawfully.

76. On information and belief, Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services could reasonably have foreseen that Defendant Paricio, Defendant Oliver, Defendant Williams' and Defendant Knox's dangerous character traits created a risk of harm to other persons, such as Plaintiff James.

77. The injuries suffered by Plaintiff James were directly and proximately caused by Defendant Paricio, Defendant Oliver, Defendant Williams, and Defendant Knox's dangerous character traits.

78. For all of the foregoing reasons, Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services are vicariously and directly liable to Plaintiff James for all of her damages, by operation of the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment against Defendant Hackensack Meridian Mountainside Medical Center and Defendant Ardent Health Services for the following:

A.    compensatory damages.

B.    consequential damages.

C.    back pay.

D.    punitive damages.

E.    reasonable attorney's fees and costs to the extent permitted by law.

F.    pre- and post-judgment interest on all monetary awards; and

G.    any other relief deemed just and equitable by the court.

Dated: 4/30/2021

FRITZ, GROSSWALD & WALTERS, LLC
Attorneys for Plaintiff

*s/ Karlene Rawle-Walters*

_____
Karlene Rawle-Walters Esq.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all of the triable issues of this Complaint, pursuant to <u>R.</u> 1:8-1(b) and <u>R.</u> 4:35-1(a).

Dated: 4/30/2021

FRITZ, GROSSWALD & WALTERS, LLC
Attorneys for Plaintiff

*s/ Karlene Rawle-Walters*

_____
Karlene Rawle-Walters Esq.

## RULE 4:5-1(b)(2) CERTIFICATION

Pursuant to R. 4:5-1(b)(2), the undersigned counsel hereby certifies that to the best of counsel's knowledge and belief, the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated. Other than the parties set forth in this pleading, counsel knows of no other parties that should be joined in this action. Counsel recognizes the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this certification.

Dated: 4/30/2021

FRITZ, GROSSWALD & WALTERS, LLC
Attorneys for Plaintiff

s/ Karlene Rawle-Walters

_____
Karlene Rawle-Walters Esq.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to New Jersey Court Rule 4:10-2(b), demand is hereby made that defendants disclose to the Plaintiff's Attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business, may be liable to satisfy part or all of a judgment which may be entered in this action, or indemnify or reimburse for payments made to satisfy the judgment, and provide Plaintiff's Attorney with true copies of those insurance policies or agreements. This Demand shall include and cover not only primary coverage but also any and all excess and umbrella policies.

Dated: 4/30/2021

FRITZ, GROSSWALD & WALTERS, LLC
Attorneys for Plaintiff

s/ Karlene Rawle-Walters

_____
Karlene Rawle-Walters Esq.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

## TRIAL COUNSEL DESIGNATION

Pursuant to R. 4:5-1(c), Karlene Rawle-Walters Esq., is designated as trial counsel for Plaintiff in the above matter.

Dated:  4/30/2021

FRITZ, GROSSWALD & WALTERS, LLC
Attorneys for Plaintiff

*s/ Karlene Rawle-Walters*

_____

Karlene Rawle-Walters Esq.

DocuSign Envelope ID: CB843C6C-E21E-4BEB-A868-577C20EC0966

## VERIFICATION

I verify that the facts set forth in the foregoing Complaint are true to the best of my knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  4/30/2021

DocuSigned by:

*Lendra James*

Lendra James, Plaintiff